**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TREVOR SHOUSE, Individually and on behalf of all others similarly situated, | Case No. 1:25-cv-06534 |
| Plaintiff, | |
| v. | **Judge Matthew Kennelly** |
| TEMPUS AI, INC., ERIC LEFKOFSKY, and JIM ROGERS | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DAVID ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

**TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ........................................................................... 1

II.    FACTUAL BACKGROUND ............................................................................... 2

III.   ARGUMENT ....................................................................................................... 3

       A.     Ross Should be Appointed Lead Plaintiff .................................................. 3

              1.     Ross Filed a Timely Motion ...................................................... 4

              2.     Ross Has the Largest Financial Interest ..................................... 5

              3.     Ross Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................. 5

                     a)     Ross's Claims Are Typical ............................................. 6

                     b)     Ross Is an Adequate Representative ............................... 6

       B.     The Court Should Approve Lead Plaintiff's Choice of Counsel ........................... 7

IV.    CONCLUSION .................................................................................................... 7

i

## TABLE OF AUTHORITIES

CASES

*Chandler v. Ulta Beauty, Inc.*, No.,
   18 Civ. 1577, 2018 WL 3141763 (N.D. Ill. June 26, 2018) ...................................................... 6

*De La Fuente v. Stokely-Van Cap, Inc.*,
   713 F.2d 225 (7th Cir. 1983) ................................................................................................... 6

*In re Boeing Co. Aircraft Sec. Litig.*,
   No. 19 Civ. 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ............................................... 4

*In re Groupon Sec. Litig.*,
   No. 12 Civ. 2450, 2012 WL 3779311 (N.D. Ill. Aug. 28, 2012) ............................................... 6

*Maiden v. Merge Techs., Inc.*,
   No. 06 Civ. 349, 2006 WL 3404777 (E.D. Wis. Nov. 21, 2006) ............................................... 4

*Takara Trust v. Molex Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005) ............................................................................................... 6

STATUTES

15 U.S.C. § 78u-4 ....................................................................................................................... 1

15 U.S.C. §78u-4(a)(3)(B) .................................................................................................. *passim*

RULES

Fed. R. Civ. P. 23 ................................................................................................................. *passim*

David Ross ("Ross") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Ross as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Ross's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.       PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Tempus AI, Inc. ("Tempus" or the "Company") common stock between August 6, 2024 and May 27, 2025, inclusive (the "Class Period").

The PSLRA provides that "the court shall appoint the most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Ross is the "most adequate plaintiff" as defined by the PSLRA.

Ross believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Ross satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Ross respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Ross's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Tempus purports to provide Artificial Intelligence ("AI") enabled precision medicine solutions. The Company claims it develops intelligent diagnostics through the practical application of AI in healthcare to make laboratory tests and connects laboratory results to a patient's own clinical data.

On May 28, 2025, Spruce Point Capital published a report alleging, among other things, that Tempus' AI capabilities were overstated, and that Company's recent financial guidance revision revealed weakness in its core operations.

On this news, Tempus' stock price fell $12.67, or 19.2%, to close at $53.20 per share on May 28, 2025, thereby injuring investors.

The Complaint filed in this action alleges that the Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Tempus inflated the value of contract agreements, many of which were with related parties, included non-binding opt-ins and/or were self-funded; (2) the credibility and substance of the joint venture with SoftBank was at risk because it gave the appearance of "round-tripping" capital to create revenue for Tempus; (3) Tempus-acquired Ambry had a business model based on aggressive and potentially unethical billing practices that risked scrutiny and unsustainability; (4) AstraZeneca had reduced its financial commitments to Tempus through a questionable "pass-through payment" via a joint agreement between it, the Company and Pathos AI; (5) the foregoing issues revealed

2

weakness in core operations and revenue prospects; and (6) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Ross and other members of the class have suffered significant losses and damages.

## III. ARGUMENT

### A. Ross Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Ross satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Ross has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Ross is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Ross respectfully submits that he should be appointed lead plaintiff. *See In re Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019); *see also Maiden v. Merge Techs., Inc.*, No. 06 Civ. 349, 2006 WL 3404777, at *4 (E.D. Wis. Nov. 21, 2006) ("Because it has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23, [movant] is presumptively entitled to lead plaintiff status.").

### 1.     Ross Filed a Timely Motion

Ross has made a timely motion in response to a PSLRA early notice. On June 13, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Motion, Ex. A. Ross had sixty days (until August 12, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Tempus common stock during the Class Period, Ross is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his certification, Ross attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class.

4

*See* Motion, Ex. B. Accordingly Ross satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Ross Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Ross believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Ross purchased Tempus common stock during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $8,701.78. *See* Motion, Ex. C. To the best of his knowledge, Ross is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Ross believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Ross Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

5

At this stage of the litigation, however, a movant need only make a "preliminary showing" that he satisfies the typicality and adequacy requirements of Rule 23. *See Chandler v. Ulta Beauty, Inc.*, No. 18 Civ. 1577, 2018 WL 3141763, at *5 (N.D. Ill. June 26, 2018); *In re Groupon Sec. Litig.*, No. 12 Civ. 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (only a "preliminary showing" of typicality and adequacy is required).

### a) Ross's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a representative plaintiff's claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or his claims are based on the same legal theory." *De La Fuente v. Stokely-Van Cap, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *accord Ulta Beauty*, 2018 WL 3141763, at *5.

Ross's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Ross alleges that Defendants' material misstatements and omissions concerning Tempus' business, operations, and financial prospects violated the federal securities laws. Ross, like all members of the class, purchased Tempus common stock in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Ross's interests and claims are "typical" of the interests and claims of the class.

### b) Ross Is an Adequate Representative

The adequacy requirement is satisfied where the representative plaintiff does not have any conflicts of interest with other class members and the plaintiff, and his counsel will vigorously prosecute the case. *See Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005).

Ross has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Motion, Exhibit B. Ross resides in Coudersport, Pennsylvania, is an attorney, and has approximately 27 years of investing experience.

6

He is not aware of any conflict between his claims and those asserted on behalf of the Class. As such, Ross is well-equipped to represent the class, and should be appointed as lead plaintiff

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Ross has selected Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel. As reflected by the firms' résumés, *see* Motion, Exhibits D and E, the Court may be assured that if this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Ross's selection of counsel.

**IV.     CONCLUSION**

For the foregoing reasons, Ross respectfully requests that the Court grant his Motion and enter an Order (1) appointing Ross as Lead Plaintiff; (2) approving Ross's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: August 12, 2025                    Respectfully submitted,

By: s/ *Marvin A. Miller*

Marvin A. Miller
Lori A. Fanning
**MILLER LAW LLC**
53 W. Jackson Blvd., Suite 1320
Chicago, IL 60604
Telephone: (312) 332-3400
Lfanning@millerlawllc.com
mmiller@millerlawllc.com

*Counsel for David Ross and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay

7

Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for David Ross and Proposed Lead Counsel
for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

8