**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TREVOR SHOUSE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TEMPUS AI, INC., ERIC LEFKOFSKY, and JIM ROGERS,<br><br>Defendants. | Case No: 1:25-cv-06534<br><br>Judge: Matthew F. Kennelly |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**YISONG YE FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Yisong Ye ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing the Movant as Lead Plaintiff for the Class of all purchasers or acquirers of common stock of Tempus AI, Inc. ("Tempus" or the "Company") between August 6, 2024 and May 27, 2025, inclusive (the "Class Period"); and

(b)     approving Movant's selection of Shamis & Gentile, P.A. and Edelsberg Law, P.A. as Co-Lead Counsel for the Class.

**INTRODUCTION AND BACKGROUND**

This securities fraud class action was commenced on June 12, 2025 against Defendants Tempus, Eric Lefkofsky, and Jim Rodgers (collectively, "Defendants") asserting violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-

5 promulgated thereunder. The following day, on June 13, 2025, a PSLRA early notice was issued advising class members of the pendency of the action and the deadline for class members to seek lead plaintiff status. *See* Declaration of Andrew Shamis, filed herewith ("Shamis Decl."), Ex. 1.

Headquartered in Chicago, Illinois, Tempus markets itself as providing AI enabled precision medicine solutions, including diagnostics, for oncology, cardiology, radiology and depression. The Company purports to develop intelligent diagnostics through the practical application of AI in healthcare to make laboratory tests and connects laboratory results to a patient's own clinical data. Tempus was founded in 2015 by Defendant Lefkofsky. On June 14, 2024, the Company went public on the NASDAQ stock exchange under the ticker symbol "TEM.".

Throughout the Class Period, Defendants are alleged to have made materially false and misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants failed to disclose: (1) Tempus inflated the value of contract agreements, many of which were with related parties, included non-binding opt-ins and/or were self-funded; (2) the credibility and substance of the joint venture with SoftBank was at risk because it gave the appearance of "round-tripping" capital to create revenue for Tempus; (3) Tempus-acquired Ambry had a business model based on aggressive and potentially unethical billing practices that risked scrutiny and unsustainability; (4) AstraZeneca had reduced its financial commitments to Tempus through a questionable "pass-through payment" via a joint agreement between it, the Company and Pathos AI; (5) the foregoing issues revealed weakness in core operations and revenue prospects; and (6) as a result, Defendants' positive statements Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis

2

at all relevant times.

Then, on May 28, 2025, Spruce Point Capital Management, LLC ("Spruce Point") issued a research report on Tempus that raised numerous red flags over Tempus' management, operations and financial reporting (the "Spruce Point Report"). The Spruce Point Report scrutinized Tempus on an array of issues, including: (1) Defendant Eric Lefkofsky and his associates have a history cashing out of companies before public shareholders incur losses or lackluster returns; (2) Tempus' actual AI capabilities are over overstated; (3) board members and other executives have been associated with troubled companies that restated financial results; (4) signs of aggressive accounting and financial reporting; (4) issues with the AstraZeneca and Pathos AI deal that merit scrutiny; and (5) the Company's recent financial guidance revision reveals weakness in core operations.

On this news, the price of Tempus common stock fell $12.67 per share, or 19.23%, from a closing price of $65.87 per share on May 27, 2025, to a closing price of $53.20 per share on May 28, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in market value of the Company's common stock when the truth was disclosed, Movant and other Class members have suffered significant losses and damages.

<u>**ARGUMENT**</u>

**I.      <u>MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF</u>**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. *See* 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable

after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A. Movant's Motion is Timely

On June 13, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, a notice was published announcing that a securities class action had been filed against Tempus and certain of its officers, and advising purchasers of Tempus common stock that they had until August 12, 2025 to file a motion to be appointed as lead plaintiff. *See* Shamis Decl., Ex. 1.

Movant files the instant motion and submits herewith Movant's sworn certification attesting that he is willing to serve as a representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Shamis Decl., Ex. 2. Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

**B.** <u>**Movant Has The Largest Financial Interest in the Action**</u>

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $12,396 in connection with purchases of Tempus common stock. *See* Shamis Decl., Ex. 3. Movant is not aware of any other individual or group that has suffered greater losses in Tempus securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of**
<u>**Rule 23 of the Federal Rules of Civil Procedure**</u>

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.,* 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax*, 1997 WL 461036, at *6).

### 1. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Mayo,* 2002 WL 193393 at *4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted).

Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at *4.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of Tempus. Movant, like all members of the Class, purchased Tempus common stock

6

at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class members, and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and believes he has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent

the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Shamis & Gentile, P.A. and Edelsberg Law, P.A. as Co-Lead Counsel. Proposed Co-Lead Counsel researched, drafted and filed the operative complaint, as well as published the PSLRA notice, initiating this action. *See Shouse v. Tempus AI, Inc., et al.*, No. 1:25-cv-06534, ECF No. 1 (N.D. Ill. June 12, 2025), Shamis Decl. Ex. 1. Both firms are highly experienced in the area of class actions and have successfully prosecuted complex litigation and other class action litigations against public companies on behalf of thousands of class members. *See* Shamis Decl., Exs. 4 & 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order: (a) appointing the Movant as Lead Plaintiff of the Class; (b) approving Shamis & Gentile, P.A. and Edelsberg Law, P.A. as Co-Lead for the Class; and (c) granting such other relief as the Court

may deem to be just and proper.


Dated: August 12, 2025                                          Respectfully submitted,

                                                               **SHAMIS & GENTILE, P.A.**

                                                          By: */s/ Andrew J. Shamis*
                                                               Andrew J. Shamis
                                                               Illinois Bar No.: 6337427
                                                               14 NE 1st Avenue, Suite 705
                                                               Miami, FL 33132
                                                               Tel: (305) 479-2299
                                                               Email: ashamis@shamisgentile.com

                                                               *[Proposed]Co- Lead Counsel for*
                                                               *Movant and the Class*

                                                               **EDELSBERG LAW, P.A.**
                                                               Scott Edelsberg
                                                               Illinois Bar No.: 100537
                                                               Gabriel Mandler
                                                               Illinois Bar No.: 1002499
                                                               20900 NE 30th Avenue, Suite 417
                                                               Aventura, FL 33180
                                                               Tel: (786) 289-9471
                                                               Fax: (786) 623-0915
                                                               Email: scott@edelsberglaw.com
                                                               Email: gabriel@edelsberglaw.com

                                                               *[Proposed]Co- Lead Counsel for*
                                                               *Movant and the Class*

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

I, Andrew J. Shamis, one of the attorneys for plaintiff, hereby certify that on August 12, 2025, service of the foregoing *Memorandum of Law in Support of Motion of Yisong Ye for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel* was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/Andrew J. Shamis
Andrew J. Shamis, Esq.

10