**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TREVOR SHOUSE, Individually and on behalf of all others similarly situated, | Case No. 1:25cv06534 |
| Plaintiff, | **CLASS ACTION** |
| v. | Hon. Matthew F. Kennelly |
| TEMPUS AI, INC., ERIC LEFKOFSKY, and JIM ROGERS, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION OF ART ESA FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Art Esa ("Esa") respectfully submits this memorandum of law in support of his motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the litigation.

## PRELIMINARY STATEMENT

Currently pending in this District is the above-captioned securities class action (the "Action") asserting violations of the Exchange Act against Defendants on behalf of all purchasers (the "Class") of Tempus AI, Inc. ("Tempus" or the "Company") common stock from August 6, 2024 and May 27, 2025, inclusive (the "Class Period"). Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Esa satisfies these requirements. First, Esa suffered a financial loss of approximately $97,732 on his purchases of Tempus common stock. Esa believes that his loss is the largest financial loss in the litigation. Second, Esa satisfies the requirements of Rule 23 because his claims are typical of the claims of the Class as he suffered harm in connection with the same related misstatements and omissions as the rest of the Class. Esa will also fairly and adequately represent the interests of the Class. Esa is 39 years old, lives in Shrewsbury, Massachusetts and has a degree in Biotechnology. Esa currently works as quality assurance manager in the

pharmaceuticals field and has been investing for over three years. Esa satisfies the standards under the PSLRA to be appointed as Lead Plaintiff.

Accordingly, Esa respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Bernstein Liebhard as Lead Counsel and Cohen Milstein as Liaison Counsel.

## SUMMARY OF ALLEGATIONS

According to the Complaint, Tempus purports to provide Artificial Intelligence ("AI") enabled precision medicine solutions. Throughout the Class Period, Tempus branded itself as an AI company despite having little history of generating significant revenues from AI solutions. Instead, the Company generated most of its revenues from acquisitions, genomic testing and data licensing agreements.

During this time, Defendants repeatedly claimed that the contract value and quality of its data licensing agreements with life science companies were secure and expanding. The Company often reported on its relationship with long-term customer AstraZeneca as an example. Importantly, during the Class Period, Tempus announced an expanding contract with AstraZeneca via a joint venture between the Company, AstraZeneca and Pathos AI. The Company similarly announced a joint venture with SoftBank as a way to generate revenue growth by entering the Japanese market. Tempus also claimed high revenue potential for Ambry Genetics ("Ambry"), a target it acquired during the Class Period. The Company claimed Ambry's accelerated growth was due to its strong relationships with health care providers.

Unbeknownst to investors, Defendants failed to disclose: (1) Tempus inflated the value of contract agreements, many of which were with related parties, included non-binding opt-ins and/or were self-funded; (2) the credibility and substance of the joint venture with SoftBank was at risk because it gave the appearance of "round-tripping" capital to create revenue for Tempus;

2

(3) Tempus-acquired Ambry had a business model based on aggressive and potentially unethical billing practices that risked scrutiny and unsustainability; (4) AstraZeneca had reduced its financial commitments to Tempus through a questionable "pass-through payment" via a joint agreement between it, the Company and Pathos AI; and (5) the foregoing issues revealed weakness in core operations and revenue prospects.

The truth was revealed on May 28, 2025, when Spruce Point Capital Management, LLC ("Spruce Point") issued a research report on Tempus that raised numerous red flags over Tempus' management, operations and financial reporting (the "Spruce Point Report"). The Spruce Point Report scrutinized Tempus on an array of issues, including: (1) Defendant Eric Lefkofsky and his associates have a history cashing out of companies before public shareholders incur losses or lackluster returns; (2) Tempus' actual AI capabilities are over overstated; (3) board members and other executives have been associated with troubled companies that restated financial results; (4) signs of aggressive accounting and financial reporting; (5) issues with the AstraZeneca and Pathos AI deal that merit scrutiny; and (6) the Company's recent financial guidance revision reveals weakness in core operations.

On this news, the price of Tempus common stock fell $12.67 per share, or 19.23%, from a closing price of $65.87 per share on May 27, 2025, to a closing price of $53.20 per share on May 28, 2025.

## ARGUMENT

### I. THE COURT SHOULD APPOINT ESA AS LEAD PLAINTIFF

#### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff

3

class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." *Id.*

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

4

As set forth *infra*, Esa meets the foregoing criteria, and therefore is the presumptive "most adequate plaintiff" of the Class.

### B. Esa Satisfies the Lead Plaintiff Provisions of the PSLRA

Esa respectfully submits that he should be appointed lead plaintiff because he satisfies the requirements of the PSLRA. Esa filed a timely motion to be appointed lead plaintiff, believes he has the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

#### 1. Esa Filed a Timely Motion

Esa's motion is timely. On June 13, 2025, the Early Notice was published. *See* Declaration of Carol Gilden ("Gilden Decl."), Exhibit A. Accordingly, putative class members had until August 12, 2025, to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff"). Here, Esa timely filed the motion in response to the Early Notice. Additionally, Esa has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in this action and willingness to serve as representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Gilden Decl., Ex. B. Accordingly, Esa satisfies the first requirement to serve as Lead Plaintiff for the Class.

#### 2. Esa Believes He Has the "Largest Financial Interest"

To the best of his knowledge, Esa has the largest financial interest of any investor seeking to serve as Lead Plaintiff. The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Esa lost $97,732 in connection with his purchases of Tempus common

5

stock during the Class Period. *See* Gilden Decl., Ex. C. Esa is not aware of any other proposed lead plaintiffs with a larger financial interest.

### 3. Esa Satisfies the Requirements of Rule 23

Esa meets the requirements of Rule 23. At this stage of the litigation, in determining whether a movant or movants are the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary. *See Hedick v. Kraft Heinz Company*, 2019 WL 4958238, at *8 (N.D. Ill. Oct. 8, 2019) ("[t]he typicality and adequacy elements are the relevant factors to the appointment of a lead plaintiff"). Esa satisfies the typicality and adequacy requirements of Rule 23, which are the only Rule 23 provisions relevant to a determination of lead plaintiff under the PSLRA. *See id*.

### a. Esa's Claims Are Typical of Those of the Class

Esa satisfies the typicality requirement of Rule 23(a). Under Rule 23(a), a plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Hedick*, 2019 WL 4958238, at *9. Esa's claims are typical of those of the Class because Esa, like all Class members, purchased Tempus common stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations and/or omissions. Esa's claims are based on the same legal theory and arise from the same events as the Class' claims. Thus, Esa satisfies the typicality requirement of Rule 23(a).

### b. Esa Will Fairly and Adequately Protect the Interests of the Class

Esa satisfies the adequacy requirement of Rule 23(a). "A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is

represented by competent, experienced counsel who [will] be able to prosecute the litigation vigorously." *Id*. (citation omitted).

Here, Esa does not have any interests adverse to the interests of the class. Indeed, Esa and members of the Class share the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Additionally, Esa has further demonstrated his adequacy through his retention of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits nationwide. Esa has submitted a signed certification declaring his commitment to protecting the interests of the Class, further demonstrating that he is competent to serve as class representative. *See* Gilden Decl., Ex. C. Esa's substantial losses also demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Accordingly, Esa has made a *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23.

## II. THE COURT SHOULD APPROVE ESA'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Gilden Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Bernstein Liebhard has frequently been appointed as Lead Counsel in securities class action lawsuits since the passage of the PSLRA and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Wentz v. Moderna, Inc.*, Case No. 1:24-cv-12058-IT (D. Mass.); *Indiana Public Retirement System v. Rivian Automotive, Inc.*, Case No. 2:24cv04556 (C.D. Cal.); *Zerbato v. AlloVir, Inc.*,

7

Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. Bernstein Liebhard was also listed for fifteen consecutive years in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09-cv-0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-cv-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-cv-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-cv-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-cv-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

8

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *Speakes v. Taro Pharmaceutical Industries, Ltd.*, Case No.: 16-cv-08318-ALC-OTW (S.D.N.Y. 2024) ($36 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, Cohen Milstein is well qualified to serve as Liaison Counsel. Cohen Milstein has a deep bench of talent and has likewise successfully litigated scores of securities fraud lawsuits, recovering billions of dollars for investors, as well as successfully litigating other types of class actions and matters, including in this District. Most recently, in 2025, The National Law Journal named Cohen Milstein Plaintiff Law Firm of the Year. The National Law Journal also named Cohen Milstein's Securities Litigation practice a Practice of the Year in 2024. Chambers USA and Legal 500 have consistently recognized Cohen Milstein as a "Top Tier Firm" and "Leading Firm" in Securities Litigation, Antitrust and Product Liability, Mass Torts. Additionally, Cohen Milstein's securities practice group was recognized by Law360 as a Practice Group of the Year for 2020, 2022 and 2023. Cohen Milstein maintains an office in Chicago, and its Resident Partner, Carol Gilden, is an accomplished litigator with decades of experience litigating securities cases in the Northern District of Illinois and in federal courts nationwide. *See* Gilden Decl., Exhibit E (Firm Resume of Cohen Milstein Sellers & Toll PLLC).

Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

9

**CONCLUSION**

For the foregoing reasons, Esa respectfully requests that this Court: (1) appoint Esa as Lead Plaintiff; and (2) approve Esa's selection of Bernstein Liebhard as Lead Counsel and Cohen Milstein as Liaison Counsel for the litigation.

Dated:  August 12, 2025

Respectfully submitted,

**COHEN MILSTEIN SELLERS
  & TOLL, PLLC**

By: */s/ Carol V. Gilden*
          Carol V. Gilden (Ill. Bar No. 6185530)

200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

*Liaison Counsel for Art Esa and Proposed
Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
             seidman@bernlieb.com

*Counsel for Art Esa and Proposed Lead Counsel
for the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

Dated: August 12, 2025

*/s/ Carol V. Gilden*
Carol Gilden

11