**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TREVOR SHOUSE, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEMPUS AI, INC., ERIC LEFKOFSKY, and JIM ROGERS,<br><br>Defendants, | Case No. 1:25-cv-06534<br><br>Hon. Matthew F. Kennelly |

**JOINT MEMORANDUM REGARDING LEAD PLAINTIFF'S VOLUNTARY DISMISSAL**

In response to the Court's October 31, 2025 Minute Order (Dkt. 50), Lead Plaintiff Art Esa and Defendants Tempus AI, Inc. ("Tempus" or the "Company"), Eric Lefkofsky, and Jim Rogers ("Defendants," and, together with Lead Plaintiff, "Parties") respectfully submit the following Memorandum to address (1) Lead Plaintiff's authority to voluntarily dismiss this action, and (2) whether the Court should enter an order to protect the rights of putative class members. As explained in further detail below, Lead Plaintiff has the authority to voluntarily dismiss this action under both the Federal Rules of Civil Procedure and this Court's order appointing Lead Plaintiff to lead this action; Lead Plaintiff's decision to do so—following a thorough investigation that confirmed he could not file an amended complaint that met the heightened pleading requirements under the Private Securities Litigation Reform Act of 1995 ("PSLRA")—reflects the diligence and informed decision-making that the PSLRA encourages. Lead Plaintiff's voluntary dismissal is "without prejudice" to the putative class, who maintain the right to file their own claims, should they choose to do so.

1

I.    **LEAD PLAINTIFF HAS THE AUTHORITY TO VOLUNTARILY DISMISS THIS ACTION**

As to the first question, Lead Plaintiff has the power to voluntarily dismiss this action for three related reasons.  First, Federal Rule of Civil Procedure 41 allows Lead Plaintiff to "dismiss an action *without a court order* . . . before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added).  Defendants have served neither.

Second, none of Rule 41(a)(1)(A)'s exceptions is applicable here: this is not a "derivative action" (Rule 23.1), does not involve an "unincorporated association" (Rule 23.2) or a "receiver" (Rule 66), and does not seek dismissal of "claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement" (Rule 23(e)).  In fact, Rule 23(e) was expressly amended to permit dismissal of a putative class action without court order *before* class certification.  Fed. R. Civ. P. 23(e), 2003 amend. advisory committee's notes ("The new rule requires approval only if the claims, issues, or defenses of *a certified class* are resolved by a settlement, voluntary dismissal, or compromise.") (emphasis added).

Third, no "applicable federal statute" prohibits dismissal without a Court order, either.  Fed. R. Civ. P. 41(a)(1)(A).  On the contrary, although no particular provision of the PSLRA applies, Congress enacted the PSLRA "[a]s a check against abusive litigation by private parties."  *Smykla v. Molinaroli*, 85 F.4th 1228, 1234 (7th Cir. 2023) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 313 (2007)).  To accomplish this goal, the PSLRA imposes different requirements at different stages.  For example, when assessing prospective lead plaintiffs, the PSLRA requires the Court to "adopt a presumption that the most adequate plaintiff is the person" who (i) "has either filed the complaint or made a motion" to be appointed lead plaintiff; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and

2

(iii) "otherwise satisfies" Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption ensures that the party whose interest is most aligned with the putative class members has the power to "participate in the litigation and exercise control over the selection and actions of plaintiffs' counsel." *In re Motorola Sec. Litig.*, 2003 WL 21673928, at \*3 (N.D. Ill. July 16, 2003). Then after the Court appoints a lead plaintiff, the PSLRA "raises the pleading standard for securities fraud claims beyond the requirements of even Rule 9(b)" "to screen out frivolous suits, while allowing meritorious actions to move forward." *Van Noppen v. InnerWorkings, Inc.*, 136 F. Supp. 3d 922, 927 (N.D. Ill. 2015) (quoting *Tellabs*, 551 U.S. at 313).

Fourth, courts have routinely recognized that the PSLRA gives lead plaintiffs the implicit authority to dismiss cases, even though it only specifically authorizes lead plaintiffs to select counsel. Indeed, in line with Lead Plaintiff's authority to manage the case and decide which claims to bring on behalf of the class, courts have recognized that a lead plaintiff may choose to dismiss the case. For example, in a case before Judge Cummings in 2023, the Court similarly gave the lead plaintiff two months to investigate, draft, and file an amended complaint. *See Kelley v. Baxter Int'l Inc.*, No. 1:23-cv-04497 (N.D. Ill. 2023) (Dkt. 20). After he investigated, the lead plaintiff decided to voluntarily dismiss the claims. *See id.* Dkt. 25. Other courts have similarly dismissed PSLRA cases following notices of voluntary dismissals filed by the lead plaintiff. *See, e.g.*, *Hamby v. Cambium Networks Corp.*, No. 1:24-cv-04240 (N.D. Ill. 2024) (Dkt. 43) (dismissing securities class action following lead plaintiff's notice of voluntary dismissal under Rule 41); *Almendariz v. OneSpan Inc.*, No. 1:20-cv-04906 (N.D. Ill. 2021) (Dkt. 60) (same); *Weber v. Groupon, Inc.*, No. 1:12-cv-10235 (N.D. Ill. 2013) (Dkt. 50, 51) (dismissing securities class action because "Lead Plaintiff may properly dismiss all claims in the Action" under Rule 41).

3

The PSLRA process performed precisely as intended here. After Trevor Shouse filed a securities class action complaint earlier this year, four people (not Shouse), including Esa, filed lead plaintiff motions. Dkt. 21, 23, 27, 31. The other three withdrew (Dkt. 38, 40, 41) when they read Esa's submission, which revealed that he had the largest purported losses (and financial interest in the outcome) and thus was presumptively the "most adequate plaintiff." *See* Dkt. 32. The Court then appointed Esa as Lead Plaintiff and assigned his chosen lead counsel certain "responsibilities and duties," including to "supervise" matters concerning the "prosecution, resolution, or settlement of the Action." Dkt. 43 at 2-3.

Thus appointed, Lead Plaintiff had both individual claims and the authority to "control the management of the litigation as a whole," including the power to "decide what claims to assert on behalf of the class." *Baker v. Cassava Sciences, Inc.*, 2024 WL 3580627, at *6 (N.D. Ill. May 29, 2024); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i) (lead plaintiff is a member of "the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members"). To this end, the Parties then submitted a proposed schedule (which the Court entered) that gave Lead Plaintiff two months from appointment to investigate, draft, and file an amended complaint. Dkt. 44, 46.

Following that investigation, Lead Plaintiff determined that he could not file an amended complaint that met the PSLRA's heightened pleading requirements. That investigation included review of Tempus' SEC filings and earnings calls, including analyses of certain agreements attached as exhibits to the Company's registration statement and annual report; interviews with multiple former Tempus employees; research through both the Company's website and other publicly available sources on the Company's operations, business strategy, and formation; and expert analyses of the Company's financial statements and agreements with both customers and

partners. In addition, Lead Plaintiff conducted a careful examination, through both counsel and multiple experts, on allegations contained in a short report released by Spruce Point Capital Research, which was the alleged curative disclosure on which the initial complaint was based. Lead Plaintiff thus filed a notice of voluntary dismissal, and the Court held a hearing a few days later to discuss that notice. Dkt. 48-50. No other putative class members (including the original named plaintiff and those who had applied to be appointed lead plaintiff) attended that hearing or sought to be heard regarding Lead Plaintiff's dismissal notice. Lead Plaintiff's decision reflects the diligence and informed decision-making that the PSLRA encourages and falls within the authority granted to him by the Court's order appointing Lead Plaintiff.

## II. THE COURT CAN—BUT DOES NOT NEED TO—ENTER AN ORDER TO PROTECT OTHER POTENTIAL CLASS MEMBER

As to the Court's second question, no other orders are necessary to protect other class members. Indeed, and as discussed above, the PSLRA empowers Lead Plaintiff to make decisions on the class's behalf, and here, Lead Plaintiff determined the allegations could not meet the PSLRA's heightened pleading standards. But that does not mean this dismissal bars other potential class members from filing their own claims, either individually or on behalf of a proposed class. As Lead Plaintiff's notice states, the dismissal is "without prejudice." Dkt. 48; *see also* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").

Courts have executed similar dismissals in various ways. For example, last year in *Hamby*, the court issued a minute entry dismissing the case pursuant to the lead plaintiff's notice of dismissal. *See Hamby*, Dkt. 44. In *Kelley*, the court entered an order dismissing as to the lead plaintiff and without prejudice to other class members, concluding that notice to other class members was not required. *See Kelley*, Dkt. 27; *see also Schwartz v. Inteliquent, Inc.*, No. 1:16-

cv-11494 (N.D. Ill. 2017) (Dkt. 8) (entering parties' stipulation dismissing securities class action); *Wiesenfeld v. Inteliquent, Inc.*, No. 1:16-cv-11392 (N.D. Ill. 2017) (Dkt. 8) (same); *Lake v. Zogenix, Inc.*, 3:19-cv-01975-RS (N.D. Cal. 2020) (Dkt. 60) (same); *Kent v. Aspen Ins. Holdings Ltd.*, No. 1:18-cv-10430-JGK (S.D.N.Y. 2019) (Dkt. 30) (same). And in *Almendariz*, the court dismissed the case without prejudice after the lead plaintiff issued a press release explaining that it had filed a notice of voluntary dismissal without prejudice and there was no longer a pending securities class action. *See Almendariz*, Dkt. 60.

The Parties believe that a press release like the one issued in *Almendariz* is unnecessary because claims by other putative class members do not face an immediate statute-of-limitations problem. The Exchange Act imposes a two-year limitations period to commence an action "once the plaintiff discovers, or could have discovered with reasonable diligence, the facts underlying the violation, whichever comes first." *Kessev Tov, LLC v. Doe(s)*, 2022 WL 2356626, at *4 (N.D. Ill. June 30, 2022). Here, the limitations period began to run no later than May 28, 2025, when a short-seller published a report about Tempus that the original plaintiff claimed corrected Defendants' earlier statements. Compl. ¶ 51. The statute of limitations was then tolled shortly after, on June 12, 2025, when the original plaintiff filed this case. As the Supreme Court held in *American Pipe & Construction Co. v. Utah*, "the timely filing of a class action tolls the applicable statutes of limitations for all persons within the scope of the class alleged in the complaint." *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 615 (7th Cir. 2020) (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552–53 (1974)). The statute begins to run again when Lead Plaintiff voluntarily dismisses the action—giving putative class members sufficient time to perform their own diligence and file another lawsuit. *See Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560, 562 (7th Cir. 2011) (holding it "does not matter" under *American Pipe* "whether the

first suit's status as a would-be class action ends by choice of the plaintiff (who may abandon the

quest to represent a class or . . . bow out altogether)").

Dated: November 10, 2025                    Respectfully submitted,

                                                 **COHEN MILSTEIN SELLERS & TOLL, PLLC**

                                                 */s/ Carol V. Gilden*
Carol V. Gilden (Ill. Bar No. 6185530)
200 S. Wacker Drive, Suite 2375
Chicago, IL 60606
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

*Liaison Counsel for Lead Plaintiff Art Esa and the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
Robert S. Rowley
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Email: lhasson@bernlieb.com
        seidman@bernlieb.com
        rrowley@bernlieb.com

*Lead Counsel for Lead Plaintiff Art Esa and the Proposed Class*

**LATHAM & WATKINS LLP**

*/s/ Sean M. Berkowitz*
Sean M. Berkowitz (Bar No. 6209701)
Nicholas J. Siciliano (Bar No. 6287387)
John Joseph Barber (Bar No. 6285692)

330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: sean.berkowitz@lw.com

7

nicholas.siciliano@lw.com
jack.barber@lw.com

Jordan Mundell (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Email:  jordan.mundell@lw.com

*Counsel for Defendants Tempus AI, Inc., Eric Lefkofsky, Jim Rogers*